UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MIKHAIL YUSIM,

               Plaintiff,

  -against-

CONEY ISLAND TOWERS, LLC,

               Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 16 2012 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM and ORDER**

12-CV-3524 (SLT)

**TOWNES, United States District Judge:**

On July 13, 2012, plaintiff Mikhail Yusim, appearing *pro se*, commenced this action against his former landlord, Coney Island Towers, LLC. On July 19, 2012, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint within 30 days in order to proceed with this action. On August 6, 2012, plaintiff filed an amended complaint. The action is dismissed as set forth below.

**BACKGROUND**

Plaintiff alleges that "in February of 2012, Coney Island Towers de[c]ided to take me to housing court for not paying my portion of the rent; at that point in time I was not able to pay as I was out of work since September of 2012 and was awaiting hearing on SSDI benefits." Am. Compl. at 1. Plaintiff further alleges that defendant reported to the housing court an incorrect amount of rent due, that he was given insufficient time in which to pay the back rent and that defendant continued to collect Section 8 funds for his apartment. *Id.* at 1-2. On June 29, 2012, the housing court issued an eviction notice. *Id.* at 2. Plaintiff alleges that defendant also exposed him to potential identity fraud when he was forced to leave behind documents bearing his social security number in his former apartment. *Id.* at 3. Plaintiff seeks reimbursement for "loss of furniture, clothes, purchase of new furniture and moving into a new apartment." *Id.*

## STANDARD OF REVIEW

In reviewing the amended complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Finally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

## DISCUSSION

By Order dated July 19, 2012, the Court found that plaintiff failed to allege any facts against defendant from which the Court could infer that it had subject matter over plaintiff's claims. Liberally construing plaintiff's claim that he is disabled, the Court directed plaintiff to file an amended complaint that could establish a claim under the Fair Housing Act. In response to the Court's Order, plaintiff filed an amended complaint. However, plaintiff's amended complaint fails to contain sufficient factual content to allow the district court to draw the reasonable inference that defendant violated the Fair Housing Act. *Iqbal*, 556 U.S. at 678.

Instead, plaintiff makes clear that defendant commenced a housing court action against him for his failure to pay rent; he does not allege facts to support a claim that defendant discriminated against him based on his disability. *See generally*, Am. Compl. Indeed, "it is well-settled that the landlord-tenant relationship is fundamentally a matter of state law." *Kheyn v. City of New York*, Nos. 10-CV-3233-34 (SLT), 2010 WL 3034652 (E.D.N.Y. Aug. 2, 2010) (citing cases); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV02764 (NGG), 2008 WL 2965435 (E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding). As plaintiff's amended complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, it is, therefore, dismissed. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: August 15, 2012
Brooklyn, New York

3